# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Frederick Arters, et al.,

      Plaintiffs,

  v.                                   Case No. 2:10-cv-142
                                          JUDGE GRAHAM

Sandoz, Inc., et al.,

      Defendants.

## Opinion and Order

Plaintiffs Frederick and Barbara Arters bring this suit alleging that Mr. Arters suffered permanent blindness as a result of ingesting a pharmaceutical drug that defendants Sandoz, Inc. and Eon Labs, Inc. manufactured, distributed, and sold. This matter is before the court on defendants' motion of for summary judgment on the claims brought by Barbara Arters. Mrs. Arters has asserted a loss of consortium claim and a breach of implied warranty claim relating to her husband's blindness. Defendants contend that the claims of Mrs. Arters are time-barred.

## I.    Background

Frederick Arters is an Ohio resident who was prescribed, purchased, and ingested the drug Amiodarone. The United States Food and Drug Administration has approved Amiodarone as a "drug of last resort" for patients with life-threatening heart conditions. The complaint alleges that defendants fraudulently promoted the drug's "off label" use for non-life threatening heart ailments. The complaint alleges that defendants deceived healthcare professionals and consumers into believing that Amiodarone was appropriate for off-label uses even though defendants had knowledge of significant evidence suggesting health risks attendant to such use, including a high risk of blindness. According to the complaint, the warning labels affixed to Amiodarone packaging failed to disclose the risks associated with off-label use.

Mr. Arters took Amiodarone from November 2003 to February 2004. He was diagnosed as permanently blind in 2004. The complaint asserts the following claims: violations of the Ohio Products

Liability Act, O.R.C. §§ 2307.71-2307.80, fraud, negligence, breach of implied warranty, and loss of consortium. Mrs. Arters asserts claims for loss of consortium and breach of implied warranty.

Defendants have moved for summary judgment on Mrs. Arters's claims, arguing that they are time-barred. The motion is unopposed. Though plaintiffs received an extension of time to file their response brief, they never did so.

**II.     Standard of Review**

Under Federal Rule of Civil Procedure 56, summary judgment is proper if the evidentiary materials in the record show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Longaberger Co. v. Kolt, 586 F.3d 459, 465 (6th Cir. 2009). The moving party bears the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case on which it would bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Walton v. Ford Motor Co., 424 F.3d 481, 485 (6th Cir. 2005).

The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); see also Longaberger, 586 F.3d at 465. "Only disputed material facts, those 'that might affect the outcome of the suit under the governing law,' will preclude summary judgment." Daugherty v. Sajar Plastics, Inc., 544 F.3d 696, 702 (6th Cir. 2008) (quoting Anderson, 477 U.S. at 248). Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 340 (6th Cir. 1993).

A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. Daugherty, 544 F.3d at 702; Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994). Rather, in reviewing a motion for summary judgment, a court must determine whether "the

evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52. The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Eastman Kodak Co. v. Image Technical Servs., Inc., 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252; see Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009).

**III.   Discussion**

Defendants state that the court could apply the law of either Ohio (where plaintiffs resided at the time the complaint was filed) or Virginia (where plaintiffs resided when Mr. Arters took Amiodarone). Though defendants believe Virginia law should be applied, they argue that they are entitled to summary judgment on the claims of Mrs. Arters no matter which state's law is applied.

   **A.   Ohio Law**

Under Ohio law, the statute of limitations for a loss of consortium claim is four years. See O.R.C. § 2305.09; Kahn v. CVS Pharmacy, Inc., 165 Ohio App.3d 420, 424, 846 N.E.2d 904, 907 (Ohio Ct. App. 2006). The limitations period for a claim for breach of implied warranty is two years. See O.R.C. § 2305.10(A); Lawyers Coop. Publ'g Co. v. Muething, 65 Ohio St.3d 273, 278-79, 603 N.E.2d 969, 973-74 (Ohio 1992).

Mr. Arters took Amiodarone from November 2003 to February 2004. He was diagnosed as permanently blind in 2004. Plaintiffs filed this lawsuit on January 14, 2010. The claims of Mrs. Arters accrued when she knew or, through reasonable diligence should have known, of the loss of consortium and of the injury related to the product. See Viock v. Stowe-Woodward Co., 13 Ohio App.3d 7, 16, 467 N.E.2d 1378, 1387-88 (Ohio Ct. App. 1983); O.R.C. § 2305.10(B)(1). Generally the accrual of the loss of consortium claim will coincide with the accrual of the injured spouse's cause of action. Viock, 13 Ohio App.3d at 16, 467 N.E.2d at 1387. However, a loss of consortium claim will accrue separately

3

from the injured spouse's cause of action if the circumstances so warrant. See id. (loss of consortium claim accrues later if consortium is not lost until after the injured spouse's cause of action accrued); Musick v. Dutta, 167 Ohio App.3d 269, 274, 854 N.E.2d 1114, 1118 (Ohio Ct. App. 2006) (loss of consortium claim accrues earlier if the spouse discovers the injury before the injured spouse does).

The Arters filed suit six years after Mr. Arters was diagnosed as being permanently blind. The motion for summary judgment is unopposed and Mrs. Arters has failed to demonstrate that she neither knew nor should have known of her loss allegedly resulting from the conduct of the defendants until some time after January 14, 2006.

The complaint contains allegations concerning two reasons why the limitations periods should be tolled. The first alleged reason is that defendants fraudulently concealed the risks associated with off-label usage of their drug. As to this argument, defendants have submitted proof of a class action lawsuit that was filed against defendants in November 2004 in New Jersey state court on behalf of "all persons who sustained personal injury from the ingestion of Amiodarone." Mrs. Arters has offered no evidence why she could not have discovered through reasonable diligence the cause of her husband's blindness and of her loss shortly after the lawsuit was filed.

The second alleged basis for tolling is a stipulation that Mr. Arters and defendants entered into before the New Jersey state court. Mr. Arters had sought to join the New Jersey class action as a class representative. In exchange for his withdrawal of the motion to join, defendants agreed not to bring a statute of limitations challenge to any claims Mr. Arters filed in a new lawsuit on or before January 15, 2010. However, this stipulation – both as described in the complaint, and as demonstrated by defendants in their summary judgment motion – concerned only Mr. Arters's claims. It did not concern any claims belonging to Mrs. Arters. In Ohio, a loss of consortium claim is legally separate and independent from the claim of the spouse who suffered injury. See Schaefer v. Allstate Ins. Co., 76 Ohio St.3d 553, 557, 668 N.E.2d 913, 917 (Ohio 1996); Musick, 167 Ohio App.3d at 274, 854 N.E.2d at 1118. Thus, the stipulation did not cover the claims of Mrs. Arters. Cf. Bowen v. Kil-Kare, Inc., 63 Ohio St.3d 84, 92, 585 N.E.2d 384, 392 (Ohio 1992) (holding that a contractual release of husband's claim did not also release wife's loss of consortium claim).

4

Accordingly, Mrs. Arters's claims for loss of consortium and breach of implied warranty are time-barred under Ohio law.

**B.     Virginia Law**

The defendants contend in their motion for summary judgment that Virginia law does not recognize a cause of action for loss of consortium. The court agrees. See Va. Code Ann. § 55-36; Villnow v. DeAngelis, Winfield, 55 Va. Cir. 234, at *3 (Va. Cir. Ct. 2001); Kelley v. U.S., 580 F.Supp.2d 490, 493 (E.D. Va. 2008); Wolford v. Budd Co., 149 F.R.D. 127, 132 (W.D. Va. 1993) ("The Court notes that under the Code of Virginia and judicial interpretations thereof, neither spouse may recover for loss of consortium arising out of injury to the other spouse.") (citing Va. Code Ann. § 55-36 and Carey v. Foster, 345 F.2d 772, 776–77 (4th Cir. 1965)).

Finally, the claim of Mrs. Arters for breach of implied warranty is time-barred under Virginia law. This claim is subject to a two-year statute of limitations. See Va. Code Ann. § 8.01-243; Caudill v. Wise Rambler, Inc., 210 Va. 11, 12, 168 S.E.2d 257, 259 (Va. 1969); Mavity v. MTD Products, Inc., 714 F.Supp.2d 577, 581 (W.D. Va. 2010). Under Virginia law, there is no discovery rule for this claim and the cause of action accrued when the injury was sustained. See Va. Code Ann. § 8.01-230; Torkie-Tork v. Wyeth, 739 F.Supp.2d 887, 890-91 (E.D. Va. 2010). Because this suit was filed six years after the alleged injury, the court finds that the claim for breach of implied warranty is time-barred.

**IV.     Conclusion**

Accordingly, the defendants' motion for summary judgment as to the claims of Mrs. Arters (doc. 32) is GRANTED.

                                                s/ James L. Graham
                                                JAMES L. GRAHAM
                                                United States District Judge

DATE: March 22, 2012